ALBERT V. D. COLLIER, APPELLANT, *v.* HOMER T. BEDELL, RESPONDENT.

*Contract — when the failure of one party to deliver an insurance policy authorizes a recovery of the premium paid, although a valid insurance exists.*

This action was brought to recover the sum of twelve dollars and fifty cents paid by the plaintiff to the defendant, in October, 1881, for an insurance premium, under the defendant's agreement to give him a policy of insurance to the amount of $1,000, upon the ground that the defendant had failed to deliver the policy as agreed. The defendant set up as a defense that as he was the agent of the company, and had actually received the money, his parol agreement bound the company, and the plaintiff was, in fact, insured although no policy was delivered.

*Held*, that as the defendant failed to deliver the policy, the plaintiff was entitled to recover the amount paid.

APPEAL from a judgment of the County Court of Greene county, reversing, with costs, a judgment of a justice of the peace, rendered upon the verdict of a jury in favor of the plaintiff.

*Daley & Sherman,* for the appellant.

*N. A. Calkins,* for the respondent.

LEARNED, P. J. :

The plaintiff sued in Justices' Court. There are two claims — one for a bill of goods, two dollars and forty-five cents, the other for insurance premium, twelve dollars and fifty cents. He recovered on both. The County Court reversed the judgment.

The defendant admits that he had the goods, and the plaintiff testifies to this also. The plaintiff and his clerk say that the defendant never paid. The defendant says he had paid. There was a dispute as to the fact, and the jury found with plaintiff. We see no ground for reversing this.

The other claim arose as follows : In October, 1881, the plaintiff paid the defendant twelve dollars and fifty cents for a premium, and defendant agreed to give him a policy of insurance to the amount of $1,000. The plaintiff says that the defendant never gave him any policy, and so his clerk testifies. The defendant says that in 1879 the plaintiff paid a premium, and defendant (who was agent of the People's Insurance Company) made out and delivered him a policy; that in 1880 the plaintiff renewed, and he delivered him a renewal receipt; that in 1881 the plaintiff again paid the renewal, and he delivered another renewal receipt.

The plaintiff says, and his clerk corroborates him, that no policy or renewal was ever delivered to plaintiff for these premiums, and that there has been no such policy since 1879 among plaintiff's policies.

The defendant says that he never asked plaintiff in what company he wanted an insurance and plaintiff never told him ; and that he does not know that he ever told plaintiff that he (defendant) was agent of the People's Insurance.

On the question whether or not the policy and the renewal receipts were delivered there is a conflict, and the jury have found with plaintiff. We see no ground to disturb this. But defendant insists that as he was the agent of the insurance company, his receipt of the money and the parol agreement to issue, bound the company, and, therefore, that the plaintiff was, in fact, insured, although he never received any policy or renewal receipt ; hence that plaintiff cannot recover. (*Ellis* v. *Albany City Fire Ins. Co.,* 50 N. Y., 402.)

Against plaintiff's objection, the defendant gave in evidence three of his daily reports to the company, one in 1879, one in 1880 and the third mailed July 1, 1881, each stating the insurance of plain-. tiff for a year, the last being from June 14, 1881, to June 14, 1882. This action was commenced May 22, 1882, and, therefore, before the time had expired for which defendant claims that the renewal ran.

Now it may be true, that if a fire had occurred and the plaintiff had chosen to insist upon the facts of verbal agreement and payment, he might have recovered, even though the defendant had never delivered the policy or a renewal receipt. But he had a right to insist that the defendant should procure for him and deliver to him a policy, or it might be a renewal receipt. He was not obliged to rest on the verbal agreement when he had bargained for something more. He was left in uncertainty and insecurity, with no safe evidence on which to rely. As the jury found his story to be true, we may take it as settled that the defendant agreed to deliver him a policy and failed to do so. The defendant broke his agreement and it does not lie with him to say, "if you had had a loss and could convince a jury that you had made a verbal agreement, you might have recovered, and, therefore, you are not injured." The possession of the policy or the renewal receipt was of value. And the plaintiff ought, if his story is true, to recover what he paid.

The judgment of the County Court should be reversed and that of the justice affirmed, with costs.

BOOKES and LANDON, JJ., concurred.

Judgment of the County Court reversed, and that of the justice of the peace affirmed, with costs.